UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff and Respondent,

No. CR 08-0083 PJH

    v.

**ORDER DENYING MOTION TO REDUCE SENTENCE**

MARTEL MURILLO VALENCIA,

    Defendant and Movant.
_____/

Movant Martel Murillo Valencia ("Valencia") is serving a sentence imposed by this court. Valencia's motion to reduce his sentence under 28 U.S.C. § 3582 is currently before the court. For the reasons set forth below, the court DENIES Valencia's motion.

## BACKGROUND

On June 23, 2009, Valencia was charged with four counts of conspiring to distribute methamphetamine and distributing methamphetamine in violation of 21 U.S.C. §§ 846 and 841(a)(1). On June 9, 2010, he pled guilty pursuant to a plea agreement to all four charges, and on September 22, 2010, the court sentenced him to 135 months in prison.

On July 16, 2012, Valencia filed a motion to reduce his sentence under 28 U.S.C. § 3582. On September 14, 2012, the government filed its opposition. Valencia did not file a reply.

## DISCUSSION

**A.    Legal Standards**

The court may not modify a term of imprisonment that has already been imposed

except

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2); *see also United States v. Townsend*, 98 F.3d 510, 513 (9th Cir. 1996). If a court finds that a defendant has been sentenced to a term of imprisonment based on a sentencing range that has been lowered by the Sentencing Commission, the court then may exercise its discretion to reduce the term of defendant's imprisonment. *Townsend*, 98 F.3d at 512-13.

**B.     Defendant's Motion**

Valencia asserts that he is eligible for a reduction in his sentence based on the Department of Justice's (DOJ) Policy on Early Dispositions or "Fast Track" Programs, effective March 1, 2012.

There are two reasons that the motion must be denied. In order to be eligible for the Fast Track Program, a defendant must be charged with or convicted of illegal reentry after deportation under 8 U.S.C. § 1326. *See* DOJ Policy on Early Disposition or Fast Track Programs, Govt. Oppos., at Exh. A. Valencia was not charged with a § 1326 offense, nor was he convicted of one. Accordingly, Valencia is ineligible for any Fast Track reduction. Moreover, the new Fast Track program directives do not apply retroactively. *See id.*

For these reasons, Valencia's motion to reduce his sentence is DENIED.

**IT IS SO ORDERED.**

Dated: October 12, 2012

_____
PHYLLIS J. HAMILTON
United States District Judge